IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 7:16-cr-00001-3 |
| v. | ) |
| | ) By:  Elizabeth K. Dillon |
| CHARLES WILLIAM PERDUE | )       United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Charles William Perdue's motion for early termination of supervised release. (Dkt. No. 151.) This is his second such request. The court denied his first request without prejudice as premature, finding that Perdue did not meet the criteria for early termination because he had not yet served at least one year of his supervised release term. (Dkt. No. 150 (denying Dkt. No. 149).) The government does not oppose his most recent request, nor does the probation office. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Perdue's motion. For the reasons set forth herein, the court will grant Perdue's motion and terminate his supervised release term.[1]

I.  BACKGROUND

Perdue and two co-defendants were indicted together, and Perdue pled guilty to a single count of conspiracy to distribute a measurable quantity of methamphetamine. (Dkt. No. 78.) The two co-defendants lived in Roanoke, and Perdue was in California. Perdue admitted upon his arrest that he had mailed bulk packages of a meth mixture to one of his co-defendants and to others, and that those drugs were distributed in the Roanoke area. According to an agreed statement of facts, Perdue was responsible for the distribution of at least 15, but less than 45, kilograms of methamphetamine mixture. (Dkt. No. 81.) The actual amount involved in the

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not object. Fed. R. Crim. P. 32.1(c)(2).

offense was around 20 kilograms, according to the Presentence Investigation Report. (PSR ¶ 16, Dkt. No. 118.)

On September 21, 2016, the court sentenced Perdue to 96 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release. (Judgment, Dkt. No. 116.) The court also imposed a fine of $800 and a $100 special assessment. (*Id.*)

Perdue was released from the Bureau of Prisons on September 12, 2022, and he began serving his three-year term of supervised release. According to a report from his supervising probation officer, which the court requested after receiving Perdue's motion, Perdue's adjustment has been positive during his first year. He has maintained a stable residence since his release. He continues to receive VA benefits, and he is self-employed as a dog-trainer. He has not had any instances of noncompliance, all of his drug screens have been negative for illegal drugs, and he has maintained good communication with his probation officer. Additionally, all of Perdue's financial obligations are paid in full.

Perdue's motion also states that he never had a disciplinary infraction while incarcerated, describes his extensive participation in the dog training program while in custody, and maintains that he has not used any illegal drugs since his arrest. (*See generally* Dkt. No. 151.)

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Farris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

Perdue's offense was serious, but, at this point, he has served his entire sentence and more than a year of his three-year term of supervised release. He has given no cause for concern and has not had even any minor infractions during his supervised release term, which he also states is consistent with his time in prison. He has a stable residence and a steady stream of income via his VA benefits and self-employment. The probation office characterizes Perdue's adjustment to supervision as positive. The court finds that there is no longer a need to protect the public or to deter Perdue from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Perdue's motion for early termination of his supervised release.

III.  CONCLUSION

For the foregoing reasons, Perdue's motion for early termination of supervised release (Dkt. No. 151) will be granted.  The court will issue an appropriate order.

Entered: October 20, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge